IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-03849-GPG

SALOMON JUAN MARCOS VILLARREAL,

    Petitioner,

v.

GEORGE VALDEZ, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; and
PAMELA BONDI, U.S. Attorney General, in her official capacity;

    Respondents.

## TEMPORARY RESTRAINING ORDER

Before the Court is the Motion for Temporary Restraining Order (D. 15) filed by Petitioner Salomon Juan Marcos Villarreal. The Court GRANTS IN PART the motion for the following reasons.

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good

1

cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

This case presents a complicated history that will only be briefly summarized here. Petitioner was arrested when appearing for an interview for a transition to lawful permanent resident status. He was released on bond by an Immigration Judge (IJ) with certain conditions. Thereafter, Immigrations and Customs Enforcement (ICE) unilaterally imposed additional conditions on Petitioner, and he successfully petitioned that IJ to remove those added conditions. The Department of Homeland Security (DHS) appealed the IJ's decision. While the appeal has been pending, a new IJ was assigned to the case and vacated the prior bond order. In doing so, the IJ ruled that Petitioner was not eligible for bond based on DHS's erroneous interpretation of 8 U.S.C. § 1225 (D. 15-4 at 1). See *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, *1–*4 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936, at *4–*9 (D. Colo. Nov. 14, 2025); *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908, at *4–*9 (D. Colo. Oct. 17, 2025), *Singh v. Baltazar*, No. 1:26-CV-00336-CNS, ––– F.Supp.3d –––, 2026 WL 352870, at *3 (D. Colo. Feb. 9, 2026).

Petitioner presented sufficient evidence to indicate Respondents may imminently unlawfully detain Petitioner without providing him a bond hearing before a court of competent jurisdiction applying the constitutionally required standard as required to satisfy due process (D. 15-4; D. 15-5). *See Batz Barreno*, 2025 WL 3190936, at *4–*9. The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006

(2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). To protect the status quo and allow full consideration of the issues raised by Petitioner's motion and Petition, the Court enters a temporary restraining order pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and Federal Rule of Civil Procedure 65 as follows:

Respondents; their officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with anyone among the foregoing are ENJOINED from re-detaining Petitioner, confiscating any of his identity documents, or adding any terms or conditions to his release unless and until Petitioner is granted a bond hearing at which the government has proven Petitioner is a flight risk by a preponderance of the evidence or Petitioner is a danger to any other person or to the community by clear and convincing evidence. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence).

Respondents; their officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with anyone among the foregoing are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b), *Matter of Yajure Hurtado*, or the like.

3

Respondents; their officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with anyone among the foregoing are ENJOINED from scheduling a bond hearing for Petitioner on less than fourteen (14) days' notice and ENJOINED to immediately notify this Court should any such hearing be scheduled so that the Court may set an appropriate briefing schedule.

SO ORDERED.

DATED March 3, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge